Mr. Tang, you have reserved two minutes. I will also tell all the parties, because we're being split in a bunch of ways, we've read your briefs. We are here to try and address some of the hardest and most thorny parts of yours, giving us summaries about what your brief says is unlikely to serve your client, your cause. Thank you. Good morning, Your Honors. May it please the Court, my name is Jiang Tan. I'm here today for the Plaintiff Appellant. And the appeal arose from a District Court decision on the motion to dismiss. And in Judge Kaplan's decision, Judge Kaplan basically stated Plaintiff failed to allege any specific fact related to the claims. At this point in time, without discovery, would it be possible for you to amend the complaint to distinguish between the defendants with any greater particularity? Yes, absolutely, Your Honor. Well, I'd like to hear a little bit more about that, but also, why didn't you propose amending the complaint in that way before the District Court? Because Plaintiff never had an opportunity to present the proposal to amend the complaint. And we don't know, because when we prepare the complaints, Plaintiff believes the complaint is sufficient to plead as a sufficient fact to raise the expectation that discovery will reveal evidence to the complaints. And we don't know— The problem is distinguishing amongst the various defendants. Yes. And then you just sue them all, maybe something will come along during discovery, and we'll figure out who did what to whom. But you've got to know that before you—you've got to plead that first. You can't wait until discovery to find out what it is you're suing about.  Who you're suing. Yes, I agree, Your Honor. In the complaint, Plaintiff did group the defendants, four defendants, the Bank of China, Bank of China-USA, BOCI in Hong Kong, and BOCI-USA together for the convenience. But in the complaint, there is a distinguished allegation for each defendant. For example, the complaint alleged the defendant BOC and BOCI-USA. BOCI-USA specifically, it's the clearing and the brokerage for the futures contract for the Bank of China. And they set up the account in a fraudulent way, and they set up an account in different kind of a shell account to circumvent these— Which defendant is this? BOCI-USA. In which paragraph? I'm sorry. I don't have an answer for this right now because I don't have the paragraph number. I don't know how to answer your question. I'm sorry. You're saying you haven't memorized the complaint. Yeah, I mean, so in the complaint, so basically, BOCI-USA is a subsidiary of BOCI, and it was set specifically for trading COT, the crude oil trade share product for BOC. And after, in the aftermath of— Are you saying that you could, if allowed to reap weed, you could reap weed with that one defendant and explaining what that one defendant, how that one defendant— Yeah, if plaintiff were given the opportunity to amend the complaint, and we will provide separate facts related to each defendant— You mean you don't have those facts? You would need those facts in order to plead as to each defendant? We do, actually. You mean do what? We do have the facts to plead regarding to each defendant. BOCI-USA, that's the one example I've given. And the BOC-USA and the BOCI in Hong Kong, that's another set of defendant. And we can provide more facts regarding their engagement in this scheme to transfer the money from China to the USA. Okay, so you use the word collectively in a funny way, and I just want to make sure. There's—collectively could be interpreted as everyone or one of these numbers or one of these defendants. Yeah. Which one are you using it as? It's maybe—I'm sorry for the confusion. When we use the BOC group defendant collectively, because what was in my mind is because when the four defendants, they equally participate in the scheme on some occasions, they conspired to develop and implement this COT product. The idea was for the discussion. So it's possibly in some situation, they participate in the scheme and they— So you're saying that when you use the word BOC collectively or defendants collectively, it is every single one of them? Yeah. It is not just one of a number of them or one of some subset? Yes, every single of them would participate in the scheme, not refer to the group collectively in an ambiguous way, no. Okay, I'm—okay. So Judge Kaplan, in his opinion, basically stated plaintiff did not plead any fact and which we disagree. We do provide a fact. The only issue is Judge Kaplan believed the plaintiff used the group pleading, which is unpermissible. And in this case, we just clarified if we're given the opportunity to amend the complaint, we can do better. We can plead specific facts to each defendant. What about their alternative arguments? What is your position? The district court didn't rule on them below. Should we rule on them now in the first instance or should we send it back? What would be legally proper for us to do? I mean, because they have a number of arguments presuming that you're going to say that, that you're going to come back and tell us that, well, even if you decide to amend, you have a statute of limitation issue for this one. You have a personal jurisdiction issue on this one. What would be your response to all that? Okay. My response is, and even if the complaint as it is now was insufficient to, according to the pleading standard, but the defendant should be given the opportunity to amend the complaint. That's the bottom line. Okay, right. I know, but are you alleging that you could amend the complaint to overcome their alternative arguments? Yeah. Do you want to elaborate? Why don't you start with the statute of limitation one, the one that they say is tolerable. At this point. What kind of pleas could you, what kind, what could you plead? Okay. In the brief, apparent was because the product in question is COT. And Bank of China, as the mastermind of the scheme, is located in China. They don't have staff. They don't have any operation in the USA. And the whole scheme, COT as a front product in China, and to implement this scheme, they have the full operation in the USA. And for each position, long or short position, the COT investor take in China, Bank of China and BOCI USA, they have to take the corresponding position in their account with CME and NIMAX. And also, there is, at this moment, I'll make the statement, I'm confident, if given the opportunity to amend the complaint, we can sufficiently provide additional facts to meet the standard if the current state of the complaint is deficient. And in that case, there is a lot of research and a lot of investigation that has been conducted on the COT product and how this debacle of WTI 2005, which is the future contract in May 2005, the negative oil price happened. And we will have a lot of information to explain more the role of BOCI. So I want to just make sure that the denial of a request to amend is done on abuse of discretion. What is the best case you have suggesting that the district court abused its discretion in not allowing you to amend? Which one do you think is most on point for you? Okay, Your Honor. If I understand it correctly, the denial of the request for amendment by Judge Kaplan was based on, I think, for example, he stated in our motion to oppose, in our brief opposed motion to dismiss, we stated that we could amend the claim to the defendant CME at 9X, which is not in discussion right now. But we never mentioned how we're going to amend the complaint with regard to defend the BOC and the BOCI, USA and BOCI. Okay, but the question I asked, go ahead. No, no, I was just going to say that I thought the presider asked for a citation to the case that we'd be controlling here. And I didn't have to do that because she was about to do it herself. I'm sorry. What is the case that you think best suggests that the district court abused its discretion in not allowing you to amend? Okay. Because when Judge Kaplan looked at this complaint and he stated, as I said, he basically stated there's no fact alleged against the defendant BOCI, USA and BOC, USA. But as I stated, there is actual fact. And if Judge Kaplan stated no, it's easy to say no because you don't have to prove anything. Because if you say no – I'll just try one more time. Okay. Judge Perez's question was, what's the best case? What's your best case citation for the proposition that Judge Kaplan abused his discretion? Give us a case. Okay. So the best case citation for allowing plaintiff to proceed with the amendment of the complaint is, I think it's AEP Energy. AEP Energy. Unless my colleagues have more questions on this topic, I'm going to move to immunity. Is that for both of you guys? Okay. So the CME defendants argue that you waived any argument against their absolute immunity, that you focused predominantly on preemption. What would you say to that? I'm sorry. I didn't follow the question. My hearing a little bit impaired.  I'm sympathetic. I have the same problem. I'll be closer and louder. They argue that you have waived the argument that the district court relied on, which was one of immunity as opposed to preemption. Immunity. It's regarding defendants. The CME. That is correct. What is your response? I don't see anywhere the plaintiff waived the immunity claim. And actually, there's one point to add to the point made in the brief, which is the claim arose from the activity conducts, which is unrelated to discharge of the regulatory duties. And an additional point is CME actually is not an SRO. CME is a commercial entity. It maybe operates exchange. Did you argue that in your brief, that CME is not an SRO? I didn't. I'm sorry. But that's a point I presented here, is CME is not an SRO. So you're making this argument for the first time?  Yes. CME is an umbrella. Under this umbrella, there's an exchange, including NIMAX. And CME itself is not registered. So maybe I'll ask the question, because I know you're over time, so I'll ask you to be brief. But I am interested in this question. Is there anything different about the way that CME functions that would make the law that applies to SROs not apply to CME in this circuit? Is there something about the way that these exchanges work? Yes. I think there is, because a lot of functions, CME is a for-profit company, and that function is different from the discharge of regulatory duty. And the CME, its own website stated, for each seller of future contract, CME acts as a buyer. So they actually have their own financial interest in it. And you can say it's a market maker. So that would be my argument. We probably have more questions on this on your rebuttal, but thank you so much. And we will now hear from Mr. Weinstein. Thank you very much, Your Honor. Thank you. Good morning, Your Honors. Brian Weinstein from Davis Polk for Appellees Bank of China USA and BOCI USA. I'll be brief, Your Honors, unless the court has any questions. Go ahead. Please, stop. Sure. So Judge Kaplan correctly dismissed the claims as to Bank of China USA and BOCI USA because plaintiffs failed to plead concrete facts as to these particular defendants that would support any of plaintiffs' claims against them. Okay. So can you point out which of the claims do you think that they made that could not be fixed by repleting? Like which of the ones that you think are actually futile? Your Honor, I think that they haven't pled any facts. It's a little bit like proving a negative. They haven't pled any facts as to my clients. So I have no basis to think that they can cure anything and allege a claim. They had an opportunity to do that below in response to our motion to dismiss, and they failed to do that. You don't have to plead. You don't have to plead the case against. That's correct, Your Honor. And the court asked Mr. Tang to cite any cases suggesting that Judge Kaplan abused his discretion. The precedent from this court is clear that if the plaintiffs don't actually explain to the district court what facts they could allege by amending their complaint. Is that right? I mean, it seems to me. I was looking at the cases, and it seems to me that some doctrines smush the idea of futility with something maybe like a notice, like the idea of letting people know. But is there actually a case that you think squarely requires someone to have presented how they would cure without showing futility? Yes, Your Honor. The Techno Marine case from this court in 2014. And how do we square that with the idea that leave to amend should be liberally granted? So leave to amend should be liberally granted. That's sort of principle number one. Principle number two, however, is that if the plaintiff doesn't tell the district court what additional facts they could add. That it's not an abuse of discretion for the district court to deny leave. That's correct, Your Honor. And that's what this court held in the Tester and in Techno Marine, and I think in a number of other cases. Those are just two examples. And so I believe that Judge Kaplan did not abuse his discretion in denying leave to amend when plaintiff failed to indicate what additional facts they could add. They also failed in the brief to this court to indicate what facts they would add, and they chose not to submit a reply brief to indicate what facts they would add. And so we would submit that Judge Kaplan did not abuse his discretion. The court asked plaintiff appellant what case he would cite as the best case for suggesting that Judge Kaplan did abuse his discretion. He mentioned the AEP Energy case, which is cited in his brief at page 19, just for the basic proposition that leave to amend may properly be denied if amendment would be futile. And actually that case held that denial of leave to amend was not an abuse of discretion. So I don't think it speaks to the point that the court was asking about, but I believe the Tester case, the Techno Marine case, and other decisions from this court do suggest quite clearly that Judge Kaplan did not abuse his discretion. So you think that's separate and apart from the futility argument? I do, Your Honor. In other words, I think if the basis of the decision had only been that there was no legal theory under which the plaintiffs could proceed, that would be different. Here, because the court was not given any indication of what new facts plaintiffs would present, you couldn't even really do that analysis. In other words, there might be instances where you say, okay, if the plaintiffs can fix this one thing that they're saying they want to fix, they still don't have a claim, so therefore it's futile. But when you're not even told as a district court judge what additional facts they could allege, and when they haven't alleged any facts in the first place as to these particular defendants, there's simply nothing for them to go on. And in that circumstance, this court has held this not an abuse of discretion. Unless the court has any other questions, we're happy to rely on our briefs for the remainder of our arguments. Thank you, Your Honors. Ms. Brandt. Good morning, Your Honors. May it please the court, Shari Brandt for Defendants' Appellees New York Mercantile Exchange, Inc., or NYMEX, and its parent company, CME Group, Inc. Can I ask, just to kind of guide this, would we be the first court of appeals to hold that a commodities exchange enjoys absolute immunity? No. The Seventh Circuit has held that before, and we have those cases cited in our brief. And there's at least one Southern District case that also has held that. The Southern District is? King v. National Futures Association. So what do we do about the private cause of action provided in the Commodities Exchange Act? Does that suggest that Congress intended for it not to be immune? No. I would say that there is preemption. In addition to immunity that applies to regulatory duties, there is preemption of state law claims and other claims, and there's a limited carve-out in Section 22B of the Commodities Exchange Act, and that says that you must show the exchange was acting in bad faith, and the case law is very clear that bad faith is not being a for-profit enterprise. The bad faith must be doing something that has an ulterior motive, it's egregious, and it really would be outside of the regulatory duties. But don't the two of them together, the fact that there was a cause of action and provided that state law was not preempted where it didn't conflict, doesn't those add up to us finding that they don't enjoy the same sort of immunity that securities exchanges do? No. Would you agree that the security exchanges are differently situated in that? I would say that they enjoy the same type of immunity and that there's a limited carve-out under the Commodities Exchange Act that allows a Commodities Exchange Act claim, which plaintiffs did not bring here and could not bring here for many reasons, including the fact that the statute of limitations had expired a year before their complaint was filed. But the only claim they could have brought would have been under the Commodities Exchange Act. Is there a specific need for commodities exchanges to be immune from state law but not immune under the CEA? Yes, because it goes to that immunity that they need to be. They've been delegated powers from the government to regulate exchanges, and they need to be able to do so. So when a claim can proceed against an exchange, you really need this bad faith that's outside their regulatory duties. And the case law is clear, operating the exchange poorly, which I would not say my client did, but operating the exchange poorly or failing to act would not be sufficient for a claim. That's where they have their immunity. They need to be able to exercise those responsibilities and keep the market moving. They're entitled to regulate their members. They're entitled to regulate their exchange. They're entitled to come out with rulemaking. As long as whatever they're doing is within their regulatory function. Correct. If it's springing from their core regulatory function, which is what Judge Kaplan found about the allegations in the plaintiff's complaint, there's immunity. And there's nothing that could be added, I would say, to an amended complaint that could cure for that. Does it matter to your argument that these particular derivatives were traded? Well, I think that just goes to show further the lack of connection with anything having to do with the CME and NYMEX here. Their complaint involves a product that was marketed by the Bank of China or allegedly marketed by the Bank of China to plaintiffs in China, and the product did not trade on the CME. This is the crude oil treasure. And the customers of the Bank of China were not customers of the CME and NYMEX. And the complaint goes on to say that whatever conduct they're alleging was hidden from the CME and NYMEX. So I'm not sure what they're asking for this exchange and its parent company to have done here, but whatever it would have been would have had to be brought under the Commodity Exchange Act, and it wasn't. Thank you very much. You had a good time. You were going to tell us something else, but we're good. We think that the dismissal should be affirmed, and that we don't think there's anything that could cure it with an amendment. So thank you. Thank you. Good morning, Your Honors. Jonathan Youngwood, Susan Thatcher and Bartlett for BOC International Holdings. May it please the Court. I rise only very briefly to continue to preserve the personal jurisdiction arguments that we advanced below. We filed a motion, 12-2 motion on that. Who are you representing? I represent BOC International Holdings, and we filed a 12-2 motion before that could be ruled on. The Court ruled on the decision that's before you. We had joined in those arguments and the arguments in particular that Mr. Weinstein. I thought he denied it as moot. He denied it. He denied it as moot because we had joined in the other arguments. We believe that it could be an alternative ground for affirmance, but we're happy to be affirmed. Would it be appropriate for us when we didn't rule on it in the first instance? I think you have enough in front of you that you could rule on it. I don't know that you'll get there, and we're obviously content to be out of the case on the grounds that you've already heard other counsel address. I will note that Mr. Ming's declaration is uncontested, but even without his declaration, the facts pleading personal jurisdiction against my clients in this complaint, which are solely at paragraph 12, are truly threadbare. They are that it was incorporated in Hong Kong, that it has headquarters in Hong Kong. Neither of those help. And then there is an incorrect mention of an office in New York, which Mr. Ming, under sworn declaration, says is false. But even if it were true, it is not. There are no allegations in the complaint that tie any of the activities pled to that office, to my client, which doesn't have an office. Are there any other questions? I'm happy to answer them, Your Honor. Otherwise, we rest on our briefs. Well, I guess the question is, is that something that potentially could be fixed by pleading? Right? I mean, aren't these fact-bending questions? Your Honor, I don't think it can be fixed by pleading, unless somehow Mr. Ming's declaration could be shown to be false, which counsel has not suggested. And I don't believe it's going to be shown to be false. Plaintiffs haven't contested it in any way. They have not contested it in any way. They did not, obviously, contest it below. But I agree that there was no hearing on that. There was no final ruling. But they also didn't contest it here. And they could have done that in their opening brief, and they could have chosen to file a reply brief. They did not. Thank you, Your Honor. Thank you. Mr. Tang, you have two minutes. Yes. Yes, Your Honor. For this rebuttal, I have two points to make, very brief. And the plaintiff was never given the opportunity to present for their proposed amendment to the complaints. Because in the lower case ---- I don't really understand that point. I mean, you got the motion to dismiss. You saw what their arguments are. And in your opposition, you could have set forth an alternative argument. Yes, you know, you could say we pleaded adequately, but if the court finds or concludes, rather, that we didn't, we could amend our complaint to include the following allegations, X, Y, Z. Why couldn't you have done that on your opposition to the motion to dismiss? My explanation, Judge Hall, that's a fallacy on my part. Because we are confident at the point, and the alleged allegation in the complaint as it was then is sufficient to meet the pleading standard. So if I actually, in the defendant's motion, the brief for motion to dismiss, and they stated some facts, we can basically use the allegation in the complaint. Only those allegations is insufficient for us to counter their arguments. So at that point, I didn't believe we needed to present more specific facts to make this possible sort of, to repair those deficiencies. So that's why I didn't propose any amendment. I mean, because I hope I made my point clear. Because at that point, we believe the factual allegation in the complaint alone will be sufficient for us to use in our opposition paper to counter their arguments. So we don't have to introduce more detailed allegations. And so that's why we didn't propose any amendment to the complaint. But you had the opportunity to do that. What you're arguing is that you did not have the opportunity to identify additional allegations. You're explaining to us why you didn't take that opportunity. But you're not telling us that you had no opportunity. Yeah. I mean, if this brief for motion to dismiss was considered an opportunity for plaintiff to propose a certain amendment to the complaint to cure the deficiency. And at that point, I think you do have a point. But at that point, at least I didn't take that opportunity to repair any deficiency. Because we don't perceive there's any deficiency at all. Thank you so much. I'm sorry. We'll take the case under advisement. I'm sorry. The other point. I'm sorry. You're out of time, sir. Thank you so much. We'll take the case under advisement.